# NO. 12-16-00066-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRAN WAYNE O'NEAL,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Darren Wayne O'Neal appeals his convictions for driving while intoxicated and evading arrest. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for driving while intoxicated and evading arrest, both third degree felonies as alleged.[1] Appellant pleaded "guilty" to the offenses and "true" to the enhancements, and after the trial court properly admonished him and accepted his plea, the matter proceeded to a jury trial on punishment. At trial, the evidence showed that off-duty State Trooper Chad Wilson witnessed a vehicle driving very slowly and erratically on a major highway at night near Nacogdoches, Texas. After passing the vehicle, Trooper Wilson made contact with Trooper John Henley, an on-duty trooper patrolling the highway, and recounted his observations.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b) (evading arrest in vehicle) (West 2016), §§ 49.04(a) (DWI), 49.09(b)(2) (DWI enhancements) (West Supp. 2016).

Shortly thereafter, Trooper Henley witnessed the vehicle's erratic operation, followed it, and initiated a traffic stop. The trooper made contact with Appellant, observed that he had glassy, bloodshot eyes, and that he appeared unsteady when standing. Trooper Henley asked Appellant if he had been drinking, and Appellant replied that he had been drinking earlier that day. Appellant subsequently failed the standardized field sobriety tests. Trooper Henley began to arrest Appellant, but he asked the trooper to let him go free and prevented Henley from applying his handcuffs.

Trooper Wilson, also present, attempted to intervene. The troopers were unable to handcuff Appellant, and Trooper Henley fell while unsuccessfully deploying his Taser. Appellant returned to his vehicle while Trooper Wilson followed. Trooper Wilson reached inside the vehicle and attempted to remove the keys. Simultaneously, Appellant started the vehicle and sped away. Trooper Wilson narrowly avoided injury.

Off-duty Officer John Bell of the Nacogdoches Police Department happened to be driving in the area and witnessed the fracas. As he began to call dispatch for assistance, Appellant nearly struck Officer Bell's vehicle while fleeing the scene. All the officers pursued Appellant, who was traveling at speeds of over 100 miles per hour. Appellant performed a U-turn and proceeded towards Nacogdoches, again traveling over 100 miles per hour. Appellant sped through a red light nearly colliding with other vehicles. Shortly thereafter, Appellant crashed his vehicle and began to flee on foot. However, several officers were able to subdue and handcuff him. During an inventory search of Appellant's vehicle, officers discovered a half-full bottle of gin, along with a bottle of juice commonly mixed with gin.

Through his daughter, Alcoholic Anonymous sponsor, and coworkers, Appellant offered evidence that he has since ceased drinking alcohol. He also offered the testimony and supporting documentation from his "IN-HOM" alcohol monitoring device technician showing that he has not ingested alcohol since the incident. Appellant testified in his own defense. He admitted an extensive criminal history in the early 1990s, but stated that nearly two decades passed without him performing any criminal acts. He explained that he began drinking heavily after his divorce, which led to two DWIs in 2014, resulting in community supervision.[2] Appellant testified that he fled out of fear that his community supervision would be revoked and that he would go to prison.

---

[2] Appellant also had a 2007 conviction for DWI.

He also admitted to committing the offenses in this case and endangering the officers, the public, and himself.

On the DWI count, the jury sentenced Appellant to imprisonment for five years and assessed a $5,000.00 fine. On the evading arrest count, the jury sentenced Appellant to imprisonment for seven years and assessed a $5,000.00 fine. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record and found no error to present for our review. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw and *affirm* the judgment of the trial court.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 18, 2017

NO. 12-16-00066-CR

**DARRAN WAYNE O'NEAL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1421348)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*